```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  10/5/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<u>IN RE CONNIE ABRAHAM</u>

CONNIE ABRAHAM,

      Appellant,

-against-

FAY SERVICING, LLC, as servicer for Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2015-1,

      Appellee.

1:21-cv-1628-MKV

<u>ORDER</u>

MARY KAY VYSKOCIL, United States District Judge:

  This action, an appeal from the bankruptcy court, was commended on February 24, 2021. [ECF No. 1]. On June 28, 2021, the Court issued an order setting a briefing schedule whereby Appelles's Motion to Dismiss was due on or before July 28, 2021, Appellant's opposition was due on or before August 27, 2021, and Apelles's reply was due on or before September 10, 2021. [ECF No. 7].

  On July 28, 2021, Appellee filed its Motion to Dismiss. [ECF No. 9]. On August 8, 2021, the Court granted in part and denied in part Appellant's request for a 90-day extension of time to respond to Appellee's Motion. [ECF No. 16]. The Court extended Appellant's time to respond to Defendant's Motion to Dismiss from August 27, 2021 to September 27, 2021. [ECF No. 16].

  To date, Appellant has not filed an opposition to Appellee's Motion to Dismiss on the docket nor has she filed any other requests for an extension of time.

  A *pro se* plaintiff's pleadings should be read to raise the strongest arguments they suggest, *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir.2007), but pro se status does not excuse a plaintiff from compliance with the pleading standards of the Federal Rules of Civil Procedure. Nor does

the latitude accorded a *pro se* litigant excuse him from meeting the requirements necessary to respond to dispositive motions, or from meeting deadlines set by the Court to file opposition. *See Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir.2003); *Hamlett v. Srivastava*, 496 F.Supp.2d 325, 328 (S.D.N.Y.2007). When a plaintiff fails to respond to a motion to dismiss, the Court may consider the motion unopposed and deem the underlying claims abandoned. *See Johnson v. Commissioner of Soc. Sec.*, 519 F.Supp.2d 448, 449 (S.D.N.Y.2007) (citing *In re Refco Capital Mkts., Ltd. Brokerage Cust. Secs. Litig.*, No. 06 Civ. 643, 2007 WL 2694469, at *6 (S.D.N.Y. Sept. 13, 2007)).

    IT IS HEREBY ORDERED that Appellant shall file her opposition to Appellee's Motion to Dismiss on or before November 5, 2021. Appellee shall file its reply on or before November 19, 2021. Failure to file an opposition to Appellee's Motion to Dismiss on or before November 5, 2021 may result in the Court deciding Appellee's Motion to Dismiss unopposed.

    The Clerk of Court is respectfully requested to mail a copy of this Order to the *pro se* Appellant at the address of record.

**SO ORDERED.**

Date:  **October 5, 2021**
       **New York, NY**

                                      **MARY KAY VYSKOCIL**
                                      **United States District Judge**