USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___11/30/2021___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE CONNIE ABRAHAM<br><br>CONNIE ABRAHAM,<br><br>                Appellant,<br><br>           -against-<br><br>FAY SERVICING, LLC, as servicer for Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2015-1,<br><br>              Appellee. | OPINION AND ORDER<br>OF DISMISSAL<br><br>1:21-cv-1628-MKV |
| IN RE CONNIE ABRAHAM<br><br>CONNIE ABRAHAM,<br><br>                Appellant,<br><br>           -against-<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee for the Registered Holders of Saxon Asset Securities Trust 2006-2 Mortgage Loan Asset Backed Certificates, Series 2006-2,<br><br>              Appellee. | 1:21-cv-1688-MKV |

MARY KAY VYSKOCIL, United States District Judge:

      *Pro se* Appellant Connie Abraham, a serial filer in the bankruptcy court, filed untimely appeals from two orders separately granting summary judgment for Appellees Fay Servicing, LLC, as servicer for Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2015-1, and for Deutsche Bank National Trust Company, as trustee for the Registered Holders of Saxon Asset Securities Trust 2006-2 Mortgage Loan Asset Backed Certificates, Series 2006-2, in an adversary proceeding she had commenced in connection with her Chapter 13 bankruptcy case.  (Notice of Appeal No. 21-cv-01628 [ECF No.

1, No. 21-cv-01628] and Notice of Appeal No. 21-cv-01688 [ECF No. 1, No. 21-cv-01688])
(collectively, the "Notices of Appeal").  After filing the Notices of Appeal in January 2021,
Appellant has not filed anything in support of her two appeals of the Bankruptcy Court's rulings.
Appellant has also failed to comply with Federal Rule of Bankruptcy Procedure 8009(a)(1)(A)
and as a result, the Court has no record on appeal from which to review the bankruptcy court
proceedings.

This matter is before the Court on the motion of Fay Servicing to dismiss Ms. Abraham's
appeal.  (Appellee's Memorandum in Support of Motion for Dismissal ("Appellee Mot.") [ECF
No. 10]).  In support of its motion, Fay Servicing filed a Notice of Motion for Dismissal with
portions of the record of the underlying bankruptcy proceedings appended, (Appellee Notice of
Motion for Dismissal ("Notice of Motion for Dismissal") [ECF No. 9]), a Memorandum in
Support of the Motion for Dismissal, (Appellee Mot.), and a Statement of Uncontested Facts,
(Appellee's Statement as to Uncontested Facts [ECF No. 11]).  Appellant filed an Opposition to
Fay Servicing's Motion.  (Appellant's Opposition to Appellee's Motion to Dismiss ("Appellant
Opp'n") [ECF No. 18]).

Although Appellant failed to designate the record in connection with her appeals, Fay
Servicing appended several portions of the record of the bankruptcy proceedings to its Motion to
Dismiss.  The Court has also, on its own, reviewed the docket of the bankruptcy case and the
adversary proceeding and is able conduct a fully informed review of the decision below and
"address the merits (or lack thereof) of [Appellant's] arguments based on the record as it
currently stands."  *In re Emmons-Sheepshead Bay Dev. LLC*, 518 B.R. 212, 218 (E.D.N.Y.
2014).

## BACKGROUND

**I.   Factual Background**

These two appeals concern the dismissal of Appellant's adversary proceeding seeking to set aside foreclosure judgments entered in New York State court with respect to two different properties that Appellant had sold in 2004, fifteen years before she filed her bankruptcy case.

**a.   The Morris Avenue Property**

Appellant transferred a property at 1509 Morris Ave, Bronx, New York, 10457 (the "Morris Ave Property") to Doris McCoy by deed dated April 22, 2004.  Verified Complaint, Dkt. No. 1, *Connie Abraham v. Doris McCoy et al.*, No. 20-01059 (CGM) (Bankr. S.D.N.Y. Mar. 6, 2020) ("Adv. Proc. Compl.") ¶¶ 13, 15, 30–32.[1]  In connection with Ms. McCoy's acquisition of the Morris Ave Property, a mortgage was issued in favor of IPI Skyscraper Mortgage ("IPI").  Adv. Proc. Compl. ¶¶ 35, 121.

In July 2006, Ms. McCoy fell into default and, in October 2006, IPI's assignee, Washington Mutual, commenced a foreclosure action in the Bronx County Supreme Court with respect to the Morris Ave Property.  (Notice of Motion for Dismissal Ex. F ("Summons")); *see also* Adv. Proc. Compl.  Appellant appeared in the Wilmington Trust foreclosure action, but never filed an answer or otherwise asserted any defense or argument in the foreclosure action. *See* Ms. Abraham Notice of Appearance in Foreclosure Action for Morris Ave Property, AP Dkt. 18-8.  The state court granted Wilmington Trust, as successor-in-interest to Washington Mutual, a judgment of foreclosure and sale on the Morris Avenue Property entered on September 30,

---

[1] References to filings in the Adversary Proceeding are hereinafter designated "AP Dkt. ___."

2019 (dated September 24, 2019).  Adv. Proc. Compl. ¶ 53; (Notice of Motion for Dismissal Ex. K ("Judgment of Foreclosure and Sale")).

A public foreclosure auction for the Morris Avenue Property was held on December 2, 2019, at which it was sold to Wilmington Trust.  Adv. Proc. Compl. ¶ 63; (Notice of Motion for Dismissal Ex. L ("Referee's Report of Sale")).

### b.  The Carpenter Avenue Property

Similarly, Appellant also transferred a property at 4401 Carpenter Avenue, Bronx, New York 10470 (the "Carpenter Ave Property") to Doris McCoy by deed dated April 22, 2004. Adv. Proc. Compl. ¶¶ 13, 15, 30–32.  In connection with Ms. McCoy's acquisition of the Carpenter Ave Property, a mortgage was issued in favor of New Century Mortgage Corporation. Adv. Proc. Compl. ¶¶ 35, 121.  The New Century mortgage was later consolidated with other debt to form a consolidated mortgage in favor of SMI Home Mortgage.  Adv. Proc. Compl. ¶ 37.

In 2011, Ms. McCoy fell into default and, in February 2012, SMI's assignee, Deutsche Bank, commenced a foreclosure action in the Bronx County Supreme Court with respect to the Carpenter Ave Property.  Adv. Proc. Compl. ¶¶ 37, 51.  Appellant appeared in the Deutsche Bank foreclosure action and filed an answer claiming that the transfer of the property to Ms. McCo in 2004 was not effective.  *See* Ms. Abraham's Answer to Deutsche Bank Complaint for Foreclosure of a Mortgage, AP Dkt. 23-11.  The state court granted Deutsche Bank a judgment of foreclosure and sale on the Carpenter Ave Property by Order dated June 26, 2017.  Adv. Proc. Compl. ¶ 52.  A public foreclosure auction for the Carpenter Avenue Property was scheduled for January 13, 2020, but the sale was stayed when Appellant commenced her bankruptcy action.

## II.  Procedural History In Bankruptcy Court

On December 20, 2019, Appellant filed a Chapter 13 Bankruptcy case in the Southern District of New York.  Chapter 13 Voluntary Petition, Dkt. No. 1, *In re Connie Abraham*, No.

19-13999 (CGM) (Bankr. S.D.N.Y. Dec. 20, 2019).[2]  On March 6, 2020, Appellant brought the underlying adversary proceeding seeking to quiet title to the two properties.  *See* Adv. Proc. Compl.

On August 19, 2020, Fay Servicing, as servicer for Wilmington Trust, moved for Summary Judgment regarding the Morris Ave Property.  Defendant Wilmington Trusts' Motion for Summary Judgment, AP Dkt. 18.  Subsequently, on September 23, 2020, Deutsche Bank moved for Summary Judgment as regards the Carpenter Ave Property.  Defendant Deutsche Bank Motion for Summary Judgment, AP Dkt. 23.  Deutsche Bank's Motion was not opposed by Appellant.  The Bankruptcy Court entered an Order granting Wilmington Trust's Motion for Summary Judgment on October 5, 2020.  *See* Order Granting Defendant Wilmington Trust's Motion for Summary Judgment ("Wilmington Trust Summary Judgment Order"), AP Dkt. 26.

On October 15, 2020, the underlying bankruptcy case was dismissed because Appellant had failed to confirm a Chapter 13 Plan, to provide the trustee with Domestic Support Obligation statements, and to provide the Trustee with a copy of Federal and State income tax returns.  *See* Order Dismissing Case, Bktcy Dkt. 46.  Thereafter, the Bankruptcy Court issued an order in the adversary proceeding directing Appellant to appear on January 7, 2021, to show cause why the adversary proceeding should not be dismissed.  Order to Show Cause why this Adversary Proceeding Should Not be Dismissed, AP Dkt. 28.  In the interim, on November 9, 2020, the Bankruptcy Court granted Defendant Deutsche Bank's Motion for Summary Judgment.  Order Granting Defendant Deutsche Bank's Motion for Summary Judgment ("Deutsche Bank Summary Judgment Order"), AP Dkt. 30.  The Bankruptcy Court thereafter dismissed the

---

[2] References to filings in Appellant's Chapter 13 Bankruptcy Case are hereinafter designated "Bktcy Dkt. ___."

adversary proceeding on January 7, 2021, when neither party appeared for the show cause hearing.  Order Dismissing Adversary Proceeding, AP Dkt. 34.

On January 11, 2021, Appellant filed two Notices of Appeal, *see* Notice of Appeal, AP Dkt. 35, 36, separately challenging the Wilmington Trust Summary Judgment Order, (Notice of Appeal No. 21-cv-01628), and the Deutsche Bank Summary Judgment Order, (Notice of Appeal No. 21-cv-01688).  However, Appellant did not attach to her motions the Orders from which she appeals, *see* Fed. R. Bankr. P. 8003(a)(3), timely designate a record in connection with her appeals, or file a brief or appendix in support of her appeals as required by Federal Rules of Bankruptcy Procedure 8009(a) and 8018(a) and (b).

## DISCUSSION

The Court dismisses the appeals for several reasons.  First, this Court lacks jurisdiction over these appeals because Appellant's Notices of Appeal as to both Orders were filed untimely. Second, Appellant has not complied with the Federal Rules of Bankruptcy Procedure.  Moreover,

the Court also lacks jurisdiction because neither property was a part of the Bankruptcy estate, and because the Rooker-Feldman doctrine deprives this court of jurisdiction.[3]

## I.     Appellant's Notices of Appeal Were Filed Untimely

As a preliminary matter, this Court lacks jurisdiction over these appeals because neither of Appellant's Notices of Appeal were timely filed.[4]  Appeals from final judgments and orders of bankruptcy judges "shall be taken . . . in the time provided by Rule 8002 of the Bankruptcy Rules."  28 U.S.C. § 158(c)(2).  Rule 8002(a), in turn, provides that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed."  Fed. R. Bankr. P. 8002(a).[5]  This time limit is jurisdictional and "in the absence of a

---

[3] The Bankruptcy Court did not explain its reasoning in its rulings granting the Motions of Wilmington Trust and Deutsche Bank for Summary Judgment.  *See* Wilmington Trust Summary Judgment Order, AP Dkt. 26; Deutsche Bank Summary Judgment Order, AP Dkt. 30.  In support of their motions, both Defendants below argued that the bankruptcy court lacked jurisdiction.  *See* Memorandum in Support of Defendant MFRA's Motion for Summary Judgment, AP Dkt. 18-1, at 5 (arguing that the bankruptcy court lacked jurisdiction because the Morris Ave Property was foreclosed upon and sold prior to the filing of Appellant's petition for Chapter 13 bankruptcy and by reason of the Rooker-Feldman Doctrine); Memorandum in Support of Deutsche Bank's Motion for Summary Judgment, AP Dkt. 23-18, at 6 (arguing that the bankruptcy court lacked jurisdiction under the Rooker-Feldman Doctrine).  As more fully explained below, the Court agrees that the bankruptcy court lacked jurisdiction over both properties.  Therefore, the Court interprets the Bankruptcy Court's October 5, 2020 and November 9, 2020 Orders as dismissing Appellant's claims for lack of jurisdiction.

[4] Appellee Deutsche Bank National Trust Company has not moved to dismiss or otherwise responded to the appeal with respect to the Carpenter Ave Property.  Nonetheless, a federal district court has an obligation, "on its own motion, to inquire as to subject matter jurisdiction and satisfy itself that such jurisdiction exists."  *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361–62 (2d Cir. 2000) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)).  A federal court has the inherent power to dismiss a case *sua sponte* where it concludes that it lacks subject matter jurisdiction.  *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

[5] "[T]he bankruptcy court may extend the time to file a notice of appeal upon a party's motion that is filed: within the time prescribed by this rule; or within 21 days after that time, if the party

timely notice of appeal in the district court, the district court is wholly without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate 'excusable neglect.'" *In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005) (per curiam).  *Pro se* status does not excuse a party from this jurisdictional requirement. *Chaturvedi v. O'Connel*, 335 F. App'x 145, 146 (2d Cir. 2009).

Appellant's filing of the notices of appeal is untimely and therefore both appeals must be dismissed.  Both of Appellant's notices of appeal are dated January 7, 2021, and purport to appeal Orders of the Bankruptcy Court directly to the Second Circuit.  (Notices of Appeal). Appellant notes that the Orders of the Bankruptcy Court are dated October 5, 2020 and November 9, 2020, but "presumed not entered in the office of the Clerk of said Court hence not served upon Plaintiff to date."  (Notices of Appeal).  Attached to the notices of appeal is an e-mail containing no message with the following hand-written note:

> This was printed out upon a search of a particular terminal by this attorney.  The orders had not been entered in the Clerk's office at the date shown, nor was any order served upon me given that the lawyer of record abandoned the matter.  Meanwhile I must use those copies just for promptness.

(Notices of Appeal).  A review of the docket in the bankruptcy case reflects that the orders challenged by Appellant *were* entered on October 5, 2020 (Wilmington Trust Summary Judgment Order, AP Dkt. 26) and November 9, 2020 (Deutsche Bank Summary Judgment Order, AP Dkt.) respectively.  Appellant's notices of appeal are dated January 7, 2021, almost three months and two months respectively after the challenged orders.  Appellant was represented by counsel in the adversary proceeding and as such was on notice of both Summary Judgment Orders.  Moreover, the Orders themselves reflect that they were served on Appellant

---

shows excusable neglect."  Fed. R. Bankr. P. 8002(d)(1).  No application to extend the time to appeal was filed in this case.

as well.  *See* Wilmington Trust Summary Judgment Order, AP Dkt. 26; Deutsche Bank

Summary Judgment Order, AP Dkt. 30.

Even if Appellant had not received notice, "[l]ack of notice of the entry [of a judgment or

order] does not affect the time to appeal or relieve or authorize the court to relieve a party for

failure to appeal within the time allowed except as permitted in Rule 8002."  Fed. R. Bankr. P.

9022(a).  Consequently, "the prospective appellant [has] the duty of following the progress of the

action and advising [her]self when the court makes an order [s]he wishes to protest."  *In re*

*O.P.M. Leasing Servs., Inc.*, 769 F.2d 911, 917 (2d Cir. 1985) (quoting *Long v. Emery*, 383 F.2d

392, 394 (10th Cir. 1967)).  "Notification by the clerk is merely for the convenience of litigants.

And lack of such notification itself has no effect upon the time for appeal."  *In re Spiegel, Inc.*,

385 B.R. 35, 40 (S.D.N.Y. 2008) (quoting *In re Hilliard*, 36 B.R. 80, 83 (S.D.N.Y. 1984)).

Therefore, Appellant's purported lack of notice of the Order does not excuse the delay in

filing the notices of appeal.  *See In re Warrick*, 278 B.R. 182, 187 (9th Cir. BAP 2002) ("It is

well-settled that failure to receive notice of entry of judgment or order is not an excuse for an

untimely appeal because it is the party's affirmative duty to monitor the dockets." (quoting *In re*

*Cahn*, 188 B.R. 627, 632 (9th Cir. BAP 1995))); *In re Taylor*, No. 08-CV-2833 (JG), 2008 WL

4107184, at *1 (E.D.N.Y. Aug. 29, 2008) (dismissing bankruptcy appeal where notice of appeal

was filed untimely and rejecting argument that appellant did not receive signed order of judge

until after the deadline).

Because Appellant's appeals are untimely, the Court lacks jurisdiction under 28 U.S.C.

§ 158(c)(2) and Rule 8002(a).  *See In re Siemon*, 421 F.3d at 169; *see also In re Residential*

*Capital, LLC*, No. 14 Civ. 9723 (PAE), 2015 WL 405570, at *3 (S.D.N.Y. Jan. 30, 2015)

(dismissing *pro se* appellant's bankruptcy appeal for lack of jurisdiction where appellant filed

untimely notice of appeal, noting that *pro se* "status, by itself, is insufficient to excuse missing

the jurisdictional deadline" (citing *In re Soundview Elite Ltd.*, 512 B.R. 155, 159 (S.D.N.Y. 2014), *aff'd*, 597 F. App'x 663 (2d Cir. 2015))).

## II.   Appellant Has Failed To Comply With Federal Rule Of Bankruptcy Procedure 8009

Under Federal Rule of Bankruptcy Procedure 8009(a)(1)(A), the appellant "must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented."  The appellant must "file and serve the designation and statement within 14 days after (i) the appellant's notice of appeal as of right becomes effective under Rule 8002 . . . or (ii) an order granting leave to appeal is entered." Fed. R. Bankr. P. 8009(a)(1)(B).  Finally, the appellant must either order a copy of the transcript of any proceedings not on file or "file with the bankruptcy clerk a certificate stating that the appellant is not ordering a transcript."  Fed. R. Bankr. P. 8009(b)(1)(A)–(B).

While an appellant's failure to take these steps in connection with her appeals does not affect the validity of the appeals, it is nonetheless a basis for the Court "to act as it considers appropriate, including dismissing the appeal."  Fed. R. Bankr. P. 8003(a)(2); *see also In re Harris*, 464 F.3d 263, 270 (2d Cir. 2006) ("The rule makes clear that a district court enjoys discretion to dismiss an appeal in all cases except where the debtor does not file a timely notice of appeal, in which case the court has no choice but to dismiss the case.").  While a *pro se* filing is granted "special solicitude," *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (citations omitted), "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case," *Mena v. City of New York*, No. 15 Civ. 3707 (ALC), 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017).  Moreover, *pro se* litigants also are "required to learn and comply with procedural rules."  *In re Truong*, 388 B.R. 43, 45 (S.D.N.Y. 2008), *aff'd*, 327 F. App'x 260 (2d Cir. 2009); *see also Edwards v. INS*, 59 F.3d 5, 8 (2d Cir.

1995) ("[W]hile a pro se litigant's pleadings must be construed liberally, . . . pro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (citations omitted)).

In determining whether to dismiss a bankruptcy appeal for failure to comply with procedural requirements, the Second Circuit requires district courts to consider "why it is in the interest of justice to all parties, including secured and unsecured creditors, to dismiss a bankruptcy appeal on procedural grounds rather than to continue to the merits of the appeal." *In re Harris*, 464 F.3d at 272.  The court must also "consider whether a lesser sanction would be appropriate." *Id.*  Finally, district courts should "take into consideration whether [appellant's] behavior evinces bad faith or a pattern of negligence; whether any other parties were prejudiced by the errant litigant's conduct; and whether the litigant should be granted the opportunity to rectify the problem." *Id.*

Here, Appellant's conduct on appeal and in the bankruptcy court evinces a pattern of negligence that cannot be explained or excused.  Appellant's bankruptcy case, in which the debtor was represented by counsel, was dismissed because she failed to take necessary steps to confirm her bankruptcy plan, including providing the Trustee with a Domestic Support Obligation Statement and a copy of her federal and state income tax returns for the most recent year prior to the first meeting of creditors.  *See* Order Dismissing Case, Bktcy Dkt. 46. Appellant's conduct in the related adversary proceeding also reflected patterns of negligence. Appellant's Verified Complaint in the adversary proceeding sought an order "cancelling, discharging, and removing" the mortgage on both properties, declaring the foreclosure as to the Morris Ave Property a nullity, and returning the property to her.  *See* Adv. Proc. Compl., Wherefore at a–d.  However, the Complaint is frivolous because, as discussed more thoroughly

below, the bankruptcy court clearly lacked jurisdiction over either property under the Rooker-Feldman doctrine and because neither property was part of the bankruptcy estate.

Moreover, Appellant never opposed Deutsche Bank's Motion for Summary Judgment in the Adversary Proceeding, making any appeal of that order frivolous.[6]  Appellant also failed to appear at the show cause hearing held on January 7, 2021, which resulted in the dismissal of her adversary proceeding.  Order Dismissing Adversary Proceeding, AP Dkt. 34.  Most significantly, as discussed *supra*, these appeals are not timely.  *See supra* at I.

## III. The Court Lacks Subject Matter Jurisdiction Since The Properties Were Not Part Of The Bankruptcy Estate

Even if Appellant had appealed timely and thereafter complied with the Federal Rules of Bankruptcy Procedure and briefed her appeal, the Court would still lack jurisdiction over the appeal from the Summary Judgment Orders.  The Bankruptcy Court's jurisdiction extends to "all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate."  28 U.S.C. § 1334(e).  The scope of the estate, including all the legal or

---

[6] It is not at all clear that Appellant can appeal from an order granting a motion that she failed to oppose below.  "It is a 'well-established general rule that a court of appeals will not consider an issue raised for the first time on appeal.'"  *Sacerdote v. New York Univ.*, 9 F.4th 95, 118 (2d Cir. 2021) (quoting *Otal Invs. Ltd. v. M/V CLARY*, 673 F.3d 108, 120 (2d Cir. 2012) (per curiam)).  This principle applies to appeals from the bankruptcy court to the district court.  *See In re Anderson*, 884 F.3d 382, 388 (2d Cir. 2018) (declining to consider argument not raised before bankruptcy court or on appeal to district court).  While a reviewing court may consider new arguments at its discretion, it will generally decline to do so "where those arguments were available to the parties below and they proffer no reason for their failure to raise the arguments below."  *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 133 (2d Cir. 2008).  As such, even if Appellant had complied with the Federal Rules of Bankruptcy Procedure, she cannot raise any substantive argument to challenge the bankruptcy court's ruling because any such argument was forfeited.

equitable interests of the debtor in property to be included in the estate is determined as of the commencement of the case.  11 U.S.C. § 541(a)(1).

 Appellant's own complaint in the Adversary Proceeding establishes that she had sold the two properties to Ms. McCoy more than a decade before she filed for bankruptcy.  Adv. Proc. Compl. ¶¶ 30–32.  Appellant claims in her Adversary Proceeding Complaint that she merely transferred the two properties to Ms. McCoy "in trust" and that she therefore maintained an interest in the properties at the time of the bankruptcy.  Adv. Proc. Compl. ¶¶ 27–29, 33.  However, both deeds dated April 22, 2004 expressly convey "all right, title and interest" in the properties and make no references to any trust, agreement, or other relationship between the parties.  *See* Morris Ave Property Deed Transfer Dated April 22, 2004, AP Dkt. 18-4; Carpenter Ave Property Deed Transfer Dated April 22, 2004, AP Dkt. 23-5.  Further, to the extent that Appellant wants to claim that the deed transfers did not extinguish her interest in the two properties, the proper remedy would be to assert a claim in state court.  Appellant did just this when she appeared in the foreclosure actions relating to both properties and, notwithstanding Appellant's arguments, the foreclosure judgments were entered by the state court.

 With respect to the Carpenter Ave Property, Appellant appeared in the state court foreclosure action by Answer filed on March 2, 2012 and asserted that the deed dated April 22, 2004 was not effective because the property was merely transferred in trust for Appellant.  *See* Ms. Abraham's Answer to Deutsche Bank Complaint for Foreclosure of a Mortgage, AP Dkt. 23-11.  The state court rejected this argument, granted summary judgment for Deutsche Bank, and issued a judgment of foreclosure on the property.  *See* Order Granting Motion for Summary

Judgment for Deutsche Bank, AP Dkt. 23-13; Judgment of Foreclosure and Sale of Carpenter Ave Property, AP Dkt. 23-14.

With respect to the Morris Ave Property, Appellant appeared in the state court foreclosure action by notice of appearance filed on June 18, 2009. *See* Ms. Abraham Notice of Appearance in Foreclosure Action for Morris Ave Property, AP Dkt. 18-8. However, Appellant did not file an answer or otherwise assert a defense in this state court foreclosure action. After Ms. McCoy filed an answer in the action, the state court granted summary judgment for Plaintiff Washington Mutual and issued a judgment of foreclosure on the property. *See* Order Granting Motion for Summary Judgment for Washington Mutual, AP Dkt. 18-9; Judgment of Foreclosure and Sale of Morris Ave Property, AP Dkt. 18-12.

Moreover, Appellant's own Adversary Proceeding Complaint alleges that the Morris Ave Property was sold in a public foreclosure action eighteen days *before* Appellant commenced her Chapter 13 bankruptcy case. *Compare* Adv. Proc. Compl. ¶ 63; (Notice of Motion for Dismissal Ex. L ("Referee's Report of Sale")) *with* Chapter 13 Voluntary Petition, Bktcy Dkt. 1. Under New York State Law, a debtor's right of redemption of, and interest in real property is extinguished by a foreclosure sale. *See In re Rodgers*, 333 F.3d 64, 67 (2d Cir. 2003); *Kolkunova v. Guar. Home Mortg. Co., Inc.*, 43 A.D.3d 878, 878, 842 N.Y.S.2d 46 (2d Dep't 2007) ("The right to redeem is extinguished as a matter of law upon the foreclosure sale."). "[I]n the context of . . . [a] mortgage foreclosure, under New York law, 'once the ability to redeem has been lost pre-petition, the foreclosed property sold at a public sale is no longer property of the [bankruptcy] estate for purposes of Section 541." *In re Rodgers*, 333 F.3d at 68.

As such, neither the Morris Ave Property nor the Carpenter Ave Property were part of the bankruptcy estate. Therefore, the Bankruptcy Court lacked jurisdiction over both properties and properly granted judgment dismissing the adversary proceeding.

**IV.    The Rooker-Feldman Doctrine
        Deprives This Court Of Jurisdiction**

Even if Appellant somehow had an interest in the properties, the Court also lacks

jurisdiction to consider this appeal by reason of the Rooker-Feldman Doctrine.  Under the

Rooker–Feldman doctrine, federal district and circuit courts lack subject-matter jurisdiction over

cases that are essentially "appeals from state-court judgments."  *Hoblock v. Albany Cnty. Bd. of*

*Elections*, 422 F.3d 77, 83–84 (2d Cir. 2005); *see also McKithen v. Brown*, 626 F.3d 143, 154

(2d Cir. 2010) ("[T]he Rooker–Feldman doctrine deprives a federal court of jurisdiction to

consider a plaintiff's claim" and applies to "cases brought by state-court losers complaining of

injuries caused by state-court judgments rendered before the district court proceedings

commenced and inviting district court review of those judgments."  (internal quotation marks

and citations omitted)); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125

S.Ct. 1517, 161 L.Ed.2d 454 (2005) (holding that Rooker–Feldman bars "cases brought by state-

court losers complaining of injuries caused by state-court judgments rendered before the district

court proceedings commenced and inviting district court review and rejection of those

judgments").  The Rooker-Feldman Doctrine is applicable to state foreclosure actions.  *Borrani*

*v. Nationstar Mortgage LLC*, 2019 WL 1429982 at *7 (S.D.N.Y. 2019); *Feinstein v. Chase*

*Manhattan Bank*, No. 06-CV-1512 (JFB) (ARL), 2006 WL 898076, at *2 (E.D.N.Y. Apr. 5,

2006) ("Courts in this Circuit have consistently held that any attack on a judgment of foreclosure

is clearly barred by the Rooker-Feldman doctrine.") (Bianco, J.).

Application of the Rooker-Feldman doctrine is limited to cases satisfying a four-part test:

(1) the federal-court plaintiff lost in state court; (2) the plaintiff "must complain of injuries

caused by a state-court judgment;" (3) the plaintiff "must invite district court review and

rejection of that judgment;" and (4) "the state-court judgment must have been rendered before

the district court proceedings commenced." *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009) (quoting *Hoblock*, 422 F.3d at 85) (alteration, citations and internal quotation marks omitted).

Here, Appellant seeks an order "cancelling, discharging, and removing" the mortgage on both properties, declaring the foreclosure as to the Morris Ave Property a nullity, and declaring that Appellant holds absolute legal title in both properties.  Adv. Proc. Compl., Wherefore at a–d. The alleged injuries with respect to both properties are the result of state court foreclosure judgments issued in cases in which the Appellant had appeared and had a full and fair opportunity to assert her defenses.  (*See* Judgment of Foreclosure and Sale; Referee's Report of Sale (as to the Morris Ave Property)); Order Granting Motion for Summary Judgment for Deutsche Bank, AP Dkt. 23-13; Judgment of Foreclosure and Sale of Carpenter Ave Property, AP Dkt. 23-14 (as to the Carpenter Ave Property).  These foreclosure judgments were rendered before the underlying bankruptcy was commenced.  (*See* Referee's Report of Sale); *see also* Adv. Proc. Compl. ¶ 52.  The Court lacks jurisdiction to review these state court judgments.

## CONCLUSION

For the foregoing reasons, the Motion of Appellee Fay Servicing, LLC, as servicer for Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2015-1, to dismiss Ms. Abraham's appeal is GRANTED.  In addition, the Court DISMISSES both appeals with prejudice for lack of subject matter jurisdiction.  The Clerk of Court is respectfully requested to close both appeals and the Motion to Dismiss at docket entry 9 in Case No. 21-cv-01628.

In the event that Appellant elects to proceed *in forma pauperis* on appeal from this Opinion & Order, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any such appeal

would not be taken in good faith and therefore denies in forma pauperis status.  *See Coppedge v.*

*United States*, 369 U.S. 438, 444-45 (1962).


**SO ORDERED.**


**Date:   November 30, 2021**                          **MARY KAY VYSKOCIL**
         **New York, NY**                                      **United States District Judge**

17